ANDREW J. HOLFELDER, Plaintiff, *v.* JAMES A. GALLAGHER and Others, Defendants.

Supreme Court, Special Term, Queens County, September 25, 1939.

268

*Howard O. Patterson* [*Irving Krantz* and *Hamilton Lieb* of counsel], for the plaintiff.

*James A. Gallagher, In Pro Per.*

DALY, J. This is an action to foreclose a mortgage for non-payment of interest due on and after April 1, 1938, and non-payment of taxes, water rates and assessments which became due in and after 1936.

The mortgage in question, originally in the sum of $7,000, was made on March 26, 1925. It provided for semi-annual amortization payments of $400 until the entire principal sum shall have been paid. At the time this mortgage was made, there was a prior mortgage on the premises in the sum of $5,000, which was to become due and payable on May 28, 1927. The mortgage under foreclosure contains the following clause: " Provided, however, that at any time during the life of this mortgage the mortgagor may pay off said first mortgage of $5,000 and replace the same by a new mortgage not to exceed $5,000, with interest at the rate of six per centum per annum, and that this mortgage shall be subordinated to such new mortgage and a proper instrument of subordination delivered on request, and in the event that during the first five years after the date of this mortgage the mortgagor shall be called upon to pay any sum or sums on account of the principal of the first mortgage upon the hereinabove described premises, then the amount of the semi-annual payments called for by this mortgage shall be reduced to the extent of the payments made on account of the first mortgage."

It is conceded that this mortgage was reduced by amortization between October 1, 1925, and April 1, 1927, to the sum of $5,400, and that on or about June 8, 1927, the defendant paid the sum

of $5,000, and secured a satisfaction of the first mortgage. It is also conceded that since April 1, 1927, no amortization payments on the mortgage under foreclosure were made.

The defendant has asserted by way of defense and counterclaim that in the summer of 1935 and on many occasions subsequent thereto up to the present time, he requested the plaintiff to deliver a subordination agreement in the sum of $5,000 pursuant to the terms of the clause above set forth, so that a new first mortgage could be placed upon the premises, but that the plaintiff refused to do so, and that it is because of such refusal that the defaults involved herein were suffered; that the defendant has been and still is ready, able and willing to pay all taxes, interest, assessments and water rates which may be due against said premises, provided plaintiff executes and delivers to him a proper instrument of subordination.

The disposition of this controversy centers about the interpretation of the clause set forth above.

It is the contention of the defendant that this clause entitled him, at any time during the life of this mortgage, to a subordination thereof to a first mortgage not to exceed $5,000, with interest at the rate of six per cent per annum; that by paying off the first mortgage on June 8, 1927, the amortization payments required by this mortgage were suspended until October 1, 1933, and that under the Moratorium Laws of this State (Laws of 1933, chap. 793) no amortization payments were in any event required since July 1, 1932; that notwithstanding the fact that the amortization payments were thus suspended, he was in 1935 and still is entitled to obtain a new $5,000 first mortgage to which the mortgage under foreclosure would be subordinate, by reason of the language in the first part of the clause: " that at any time during the life of this mortgage the mortgagor may pay off  *  *__*  and replace  *  *  *  by a new mortgage."

With this construction I am not in accord. In extracting a portion from the whole clause in question, the defendant has violated a basic principle of construction. " Particular words should be construed, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby. Form should not prevail over substance and a sensible meaning of words should be sought." (*Atwater & Co. v. Panama R. R. Co.*, 246 N. Y. 519, 524.)

It is obvious that when this clause was inserted in the second mortgage, the parties contemplated that the then first mortgage which was due on May 28, 1927, would have to be paid or extended or a new mortgage substituted; that payment on account of the

principal thereof might be required, and they provided for that contingency, so that any payment within the period of five years after March 26, 1925, in reduction of the first mortgage, would suspend the obligation to amortize the second mortgage. The parties are in accord that the paying off of the first mortgage suspended the requirement to amortize the second for a period up to October 1, 1933, at which time $5,000 might have been paid on account of the second mortgage at the rate of $800 per year, and, indeed, such was the practical construction of the parties, for at no time during such period was any demand for or payment on account of the principal of such mortgage made.

Having thus invoked the provision suspending amortization payments on account of the second mortgage, as a result of the satisfaction of the first, the defendant could not obtain a subordination to a new first mortgage, at least not without placing the plaintiff in the position in which he would have been had not the amortization payments been suspended as aforesaid. Having done so, the subordination provision cannot now be invoked without first placing the plaintiff in an equitable position by either the payment of $4,000, which would have accrued from April 1, 1927, until the effective date of the Moratorium Laws—July 1, 1932 — or procuring a subordination to the extent of $1,400. Certain it is that the defendant cannot have both the subordination now, and the suspension of amortization payments since 1927 by reason of the paying off of the $5,000 first mortgage that year. Equally certain it is that the Moratorium Laws were intended to be used as a shield. To give the defendant the benefit of that law and still enforce merely a portion of the clause, would enable him to use the law as a sword.

From the evidence it appears that at no time during which the defendant demanded the subordination to a new first mortgage, has he made any tender to place the plaintiff in the equitable position above described. Consequently, he is not entitled to a subordination, and judgment must be given to the plaintiff on the merits, as prayed for in the complaint, and dismissing the counterclaim of defendant. Of course, the fact that the defendant is not in a position now to enforce the clause in accordance with his interpretation, does not militate against his right to invoke the provisions of section 1077-e of the Civil Practice Act and thereunder obtain relief.

Settle judgment on notice.